IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-20013-04-JWL |
| | ) | |
| SHERIE A. JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On December 29, 2003, defendant Sherie Johnson was sentenced by this Court

to a period of imprisonment of 120 months.  By letter dated August 29, 2007, and filed

on September 14, 2007 (Doc. # 295), defendant requests that she be given credit toward

her sentence for the period from January 13, 2003, when she was arrested and then

released on bond, to December 29, 2003, when she was sentenced.  The Court has

considered defendant's letter as a motion for the specific relief of credit for time served,

and the Government has filed a response to the motion.  Defendant's motion is granted

in part and denied in part.

The Government does not dispute that defendant is entitled to credit for time

served for the day of January 13, 2003, when defendant was arrested and then released

on bond; and for the period from October 3, 2003, to December 28, 2003, when plaintiff

was in custody after her convictions and prior to her sentencing.  The Government states

in its brief that the Bureau of Prisons has confirmed that defendant has in fact been credited with those days towards completion of her sentence.  But, to the extent that defendant has not in fact received such credit, defendant's motion is granted as unopposed, and the Bureau of Prisons is ordered to determine defendant's remaining sentence accordingly.

Defendant's motion for credit for the period of January 14, 2003, through October 2, 2003, when defendant was free on bond, is denied.  First, as the Government points out, plaintiff must exhaust her administrative remedies with the Attorney General, who has initial discretion to credit a prison term with time spent in custody prior to commencement of a sentence, before she may seek judicial review.  *See United States v. Woods*, 888 F.2d 653, 654 (10th Cir. 1989).  Defendant has not indicated that she has satisfied this condition.  Therefore, this portion of defendant's motion is denied.

In addition, even if defendant had properly exhausted her administrative remedies, she would not be entitled to the credit requested.  The applicable statute provides for credit for time spent in "official detention".  *See* 18 U.S.C. § 3585.  "Official detention" in this context "means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to physical incarceration."  *Woods*, 888 F.2d at 655.  A defendant is not entitled to credit under section 3585 for time spent on conditional release.  *Id.*

For part of the time that defendant was free on bond, home detention (with certain exceptions) was a condition of her release.  Such a condition does not constitute "official

2

detention" under section 3585.  *See id.* at 655-56 (defendant was not entitled to credit for time spent at a halfway house as a condition of release).  Therefore, defendant is not entitled to credit toward completion of her sentence for the period from January 14, 2003, to October 2, 2003.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's letter motion requesting credit for time served (Doc. # 295) is **granted in part and denied in part**.  The motion is granted as unopposed to the extent that the Bureau of Prisons has not credited defendant with time spend in custody on January 13, 2003, and from October 3, 2003, onward.  The motion is denied in all other respects.

IT IS SO ORDERED.

Dated this 21st  day of December, 2007, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

3