**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

**United States of America,**

        **Plaintiff,**

**vs.**                                                    **Case No. 03-20013-04-JWL**

**Sherie Johnson,**

        **Defendant.**

## MEMORANDUM AND ORDER

This matter comes before the court on defendant's pro se motion, filed March 5, 2008, for retroactive application of the amended sentencing guidelines in order to reduce her term of imprisonment as provided by 18 U.S.C. § 3582(c). (Doc. 306.) Pursuant to the court's order (Doc. 307), Plaintiff United States filed its response on April 5 (Doc. 308) and defendant's reply deadline was May 5. To date the defendant has not filed a reply. Because there is no statutory basis for a reduction in sentence, for reasons stated below, defendant's motion is denied.

Defendant Johnson was tried before a jury and convicted on October 3, 2003, of one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base ("crack cocaine"), one count of distribution of 50 grams or more of cocaine base, and one count of opening or maintaining a residence for the purpose of distributing cocaine base. Pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii), the defendant's statutory minimum sentence, regardless of guideline recommendations, may not have been less than ten (10) years. Defendant was then sentenced on December 29, 2003, to the

statutory minimum term of 120 months imprisonment for each count, to run concurrently; judgment was entered on December 30, 2003.

The federal sentencing guidelines were amended effective November 1, 2007 to lower the base offense level for cocaine base ("crack" cocaine) offenses.  *See* Sentencing Guidelines for U.S. Courts, 72 Fed. Reg. 28,558, 28,571-72 (May 21, 2007).  These amendments were retroactively applied as of March 3, 2008.  *See* Sentencing Guidelines for U.S. Courts, 73 Fed. Reg. 217, 217 (Jan. 2, 2008).  Although the defendant points to these amendments as the basis for requesting a reduction in her sentence of imprisonment, these guideline amendments are not effective as such in this case.

Once the sentencing guidelines are amended in such a manner as to adjust a previously imposed sentencing range downward, the court may reduce a defendant's sentence if the "reduction is consistent with [the] applicable polic[ies]" of the Sentencing Commission. 18 U.S.C. § 3582(c)(2)(2002).  According to the Sentencing Guidelines, the policy statement of the Commission is that a reduction "is not authorized under 18 U.S.C. § 3582(c)(2) if . . . (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S. Sentencing Guidelines Manual § 1 B1.10(a)(2)(B)(2008).  Application note one to U.S.S.G. § 1B1.10 states that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)."  U.S.S.G. § 1B1.10 cmt. n. 1(A)(ii).

In this case, the defendant's sentence would not be lowered by the guideline amendments, as the sentence imposed by the court was pursuant to a required 120 month statutory minimum.  *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii).  The Tenth Circuit, as well as other courts, has consistently held that "the Sentencing Commission does not have the authority to override a statute."  *U.S. v. Smartt*, 129 F.3d 539, 542 (10th Cir. 1997) (quoting *U.S. v. Novey*, 78 F.3d 1483, 1486 (10th Cir. 1996)); *see also U.S. v. Dimeo*, 28 F.3d 240, 241 (1st Cir. 1994) (stating that 18 U.S.C. § 3582(c)(2) "confers no power on the district court to reduce a minimum sentence mandated by statute"); *U.S. v. Hanlin*, 48 F.3d 121, 124-25 (3d Cir. 1995) (ten-year mandatory minimum sentence "takes precedence over any lesser Guidelines' sentencing range"); *U.S. v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008) (holding that resentencing according to guideline amendments is not warranted when the court sentenced the defendant to a statutory minimum).  Because the defendant was sentenced pursuant to a statutory minimum, and the statute overrides the sentencing guidelines, the defendant is not entitled to relief under the retroactively applied amendments to the sentencing guidelines.  *See Johnson*, 517 F.3d at 1024; *Smartt*, 129 F.3d at 542.

For these reasons, the defendant's pro se motion for a reduction of her sentence is denied.

IT IS SO ORDERED.

Signed this 14th day of May, 2008.

        s/ John W. Lungstrum
        JUDGE JOHN W. LUNGSTRUM
        UNITED STATES DISTRICT JUDGE